UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLLEEN CURRAN, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 09-2993

PHILLIP ALESHIRE, ET AL.                  SECTION: "A" (3)

**ORDER AND REASONS**

Before the Court is a **Motion to Strike Allegations Made in and Exhibits Attached to the Complaint (Rec. Doc. 7)** filed by defendants Phillip Aleshire and Rodney "Jack" Strain, in his official capacity as Sheriff of St. Tammany Parish. Plaintiff, Collen Curran, individually and on behalf of her minor daughter April Curran, opposes the motion. The motion, set for hearing on May 13, 2009, is before the Court on the briefs without oral argument.

**I. BACKGROUND**

Plaintiffs filed this suit against defendants Aleshire and Strain pursuant to 28 U.S.C. § 1983 and state law. April Curran was a fifteen year-old student who attended Fontainbleau High School in Mandeville, Louisiana. (Comp. ¶ 4). According to the complaint, on September 24, 2008, April was attempting to leave the school grounds for an authorized afternoon trip to the New Orleans Center for Creative Arts when she was confronted by a teacher. (Comp. ¶¶ 5-7). The teacher contacted defendant

1

Aleshire for assistance. Aleshire is the school's resource officer and is employed by the St. Tammany Sheriff's Office and the St. Tammany Parish School Board. (Id. ¶ A). Plaintiffs allege that Aleshire battered April and that the school refused to provide first aid. (Id. ¶¶ 10-15, 18). Plaintiffs claim that Aleshire later tracked them down at the hospital, entered the room where April was being treated, and arrested her for battery on a police officer. (Id. ¶ 20). April and her mother have sued certain school board and school officials in addition to Aleshire and Strain.

Aleshire and Strain now move to strike the allegations contained in paragraphs 21 through 25 of the complaint, and the related exhibits attached to the complaint, arguing that they are immaterial, impertinent, and scandalous. Those allegations and the exhibits pertain to Plaintiffs' contention that Aleshire had a "custom, habit, and practice of battering and brutalizing individuals only to later charge them with battering him." (Comp. ¶ 21). According to Aleshire, the incidents are merely unsubstantiated allegations and many occurred several years ago while Aleshire was employed in Jefferson Parish.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) authorizes the district court either *sua sponte* or on motion to strike from a

pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Motions under Rule 12(f) are disfavored. People's Choice Home Loan, Inc. v. Mora, No. 06-1709-G, 2007 WL 708872 (W.D. Tex. Mar. 7, 2007) (citing FDIC v. Cheng, 832 F. Supp. 181, 185 (N.D. Tex. 1993)). A court should not strike any portion of a pleading as irrelevant unless 1) there is no possible relation between the challenged portion of the pleading and the underlying controversy, and 2) the challenged portion may prejudice the moving party. Id. (citing OKC Corp. v. Williams, 461 F. Supp. 540, 550 (N.D. Tex. 1978)).

The motion to strike is DENIED. At this stage in the litigation the Court cannot determine whether any of these prior incidents are relevant for some legitimate purpose and whether they would be admissible under the Rules of Evidence. The Court agrees with Plaintiffs' contention that the motion to strike is in essence a motion in limine and as such it is clearly premature at this juncture. As for the exhibits, all are pleadings filed in other cases and therefore are a matter of public record. The parties should note that the Court's denial of the motion to strike is in no way determinative of the admissibility of the exhibits at a later stage in the litigation.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike Allegations Made in**

**and Exhibits Attached to the Complaint (Rec. Doc. 7)** filed by defendants Phillip Aleshire and Rodney "Jack" Strain, in his official capacity as Sheriff of St. Tammany Parish is **DENIED.**

May 14, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE