```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

APRIL CURRAN, ET AL.                           CIVIL ACTION

VERSUS                                         NO: 09-2993

PHILLIP ALESHIRE, ET AL.                       SECTION: "A" (3)

### ORDER AND REASONS

Before the Court is a **Motion to Stay Proceedings Pending Appeal on Qualified Immunity (Rec. Doc. 112)** filed by defendants Phillip Aleshire and Rodney "Jack" Strain, in his official capacity as Sheriff of St. Tammany Parish. Plaintiffs April Curran and Colleen Curran oppose the motion. The motion, set for submission on January 28, 2015, is before the Court on the briefs without oral argument.

### I. BACKGROUND

Plaintiffs filed a lawsuit on March 4, 2009 against defendants Phillip Aleshire, Rodney "Jack" Strain, in his individual and official capacity as the St. Tammany Parish Sheriff, the St. Tammany Parish School Board, Gayle Sloan, individually and in her official capacity as Superintendent of the St. Tammany Parish School Board, and Johnny Vitrano, individually and in his official capacity as principal of Fontainebleau High School. Among other claims, plaintiff April Curran alleged via 28 U.S.C. § 1983 that Phillip Aleshire

1

violated her constitutional right to be free from the use of excessive force when he purportedly struck her on two different occasions.

In a motion for summary judgement filed on July 29, 2014, Phillip Aleshire raised the defense of qualified immunity as to the excessive force claim. (Rec. Doc. 44). In the Court's order of December 16, 2014 granting in part and denying in part the motion for summary judgment, the Court denied the motion as it pertained to qualified immunity. (Rec. Doc. 106, at 14-21). Defendants thereafter filed a notice of interlocutory appeal and a motion to stay pending appeal on the issue of qualified immunity.

## II. DISCUSSION

"The denial of a motion for summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine 'to the extent it turns on an issue of law.'" *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). Although the Court's ruling was based on a finding of disputed issue of material fact, defendants assert that their appeal is taken on an issue of law, and the Court is mindful that it is therefore "divested of its jurisdiction to proceed against that defendant" while the matter is on appeal. *See Carty v. Rodriguez*, 211 F.

Appx. 292 (5th Cir. 2006). Thus, this matter will be stayed pending appeal.

Furthermore, given the close relationship among the remaining claims, the stay will extend to the case in its entirety. *See Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007) (noting the discretion of the district court in choosing to proceed with matters outside the appeal); *Gaalla v. Citizens Medical Center*, no. 10-14, 2011 WL 23233 (S.D. Tx. Jan. 4, 2011).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Stay Proceedings Pending Appeal on Qualified Immunity (Rec. Doc.112)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the case in its entirety will be **STAYED** pending appeal on the issue of qualified immunity.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL** close this case for administrative purposes.

January 30, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE